Philip H. Gottfried
Marc J. Jason
Holly Pekowsky
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York  10016
(212) 336-8000

Attorneys for Plaintiff
Heritage Lace, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -x

HERITAGE LACE, INC.,

           Plaintiff

    v.

WINSTON BRANDS, INC. and
JET GENERAL INVESTMENT COMPANY,

           Defendants.

- - - - - - - - - - - - - - - - - - - -x

Civil Action No. 18 CV-_____(__)

**COMPLAINT**

**Trial By Jury Demanded**

Plaintiff Heritage Lace, Inc. (hereinafter referred to as "Plaintiff" or "Heritage") through its undersigned attorneys, complaining of Winston Brands, Inc. and Jet General Investment Company, (hereinafter collectively referred to as "Defendants") alleges as follows:

**JURISDICTION AND VENUE**

1.     This action arises under the U.S. Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. Jurisdiction is vested in this Court under 28 U.S.C. §§ 1331 and 1338 (a).

688009.1

2. Venue is proper in this district under 28 U.S.C. § 1391 in that the infringing products complained of herein were sold into this district and in that, upon information and belief, a substantial part of the events giving rise to the claims asserted in this Complaint occurred in this district.

## THE PARTIES

3. Heritage is a corporation duly organized and existing under the laws of the State of Iowa, with its principal place of business at 309 South Street, Pella, Iowa 50219.

4. Defendants are, upon information and belief, both corporations organized and existing under the laws of the State of Illinois, both having a principal place of business at 2521 Busse Road, Elk Grove Village, Illinois 60007.

5. Upon information and belief one or both Defendants are doing business as Collections, Etc.

## FACTS

6. Heritage is, and for some time has been, engaged in the design, manufacture and sale of knit lace fabrics of original and distinctive design and has, over the past decades, earned a well deserved and enviable reputation in the trade for providing unique and original lace fabric designs. Heritage sells its lace fabric designs within this judicial district, throughout the United States of America and throughout the world.

7. In 2014, an original design was created in lace fabric with a Halloween theme, which Heritage designated as Skeletons, Skulls and Spider Webs Design.

8. Said lace fabric design contains material which is wholly original and is copyrightable subject matter under the laws of the United States of America.

9. In 2014, Heritage's said lace fabric design was published.

10. Since the publication date of such lace fabric design, all of the provisions of Title 17 of the United States Code, and all of the laws governing copyright have been duly complied with by Heritage which applied to register the claim to copyright in such design, and a Certificate of Copyright Registration has been duly received by Heritage from The Register of Copyrights pertaining to said lace fabric design.

11. Heritage is the sole proprietor of all right, title and interest in and to the copyright in said lace fabric design.

12. A copy of a representation of said lace fabric design is annexed hereto and identified as "Exhibit A." A copy of the Copyright Registration Certificate for said lace fabric design is annexed hereto and identified as "Exhibit B."

13. Subsequent to the publication by Heritage of said lace fabric design, one or both Defendants infringed Heritage's copyright in such fabric designs by importing, reproducing, displaying, knitting, manufacturing, weaving, printing,

reprinting, publishing, vending, distributing, selling, promoting or advertising, copies of said lace fabric design or by causing and/or participating in such importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising thereof, all in violation of the rights of Heritage under Section 106 of the Copyright Law, Title 17 of the United States Code.

14. Copies of representations of at least two of such infringements by one or both Defendants are annexed hereto and identified as "Exhibit C" and "Exhibit D" respectively.

15. All of the Defendants' infringing acts as set forth in this Complaint were performed without the permission, license or consent of Heritage and, upon information and belief, comprise willful infringement.

16. Defendants have been enriched and Heritage has been damaged by the acts of Defendants alleged in this Complaint in an amount not as yet known, but believed to be in excess of $150,000. The activities of Defendants as alleged herein with respect to Defendants' infringements are further and continuously damaging Heritage in a manner with respect to which Heritage has no adequate remedy at law.

WHEREFORE, Heritage demands:

A. A preliminary and permanent injunction restraining, enjoining and prohibiting Defendants and their officers, servants, agents, employees, attorneys and representatives, and each of them, and those persons in active concert or participation with them from

infringing the copyrights of Heritage including as evidenced by Copyright Registration Certificate Number VA 2-001-687, including, but not limited to, preventing them from importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising copies of such fabric design or by causing and/or participating in such importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising by others.

B. That Defendants be required to recall from all recipients thereof, and deliver to Heritage for destruction, all copies of Heritage's copyrighted fabric design used for infringement of the copyright therein, as well as all molds, stencils, plates, or other materials for making such infringing matter in the possession or under the control of Defendants or any of their agents, servants, employees, attorneys or other persons in privity with them.

C. That Defendants be required to pay to Heritage their lost profits and such profits as Defendants have made in consequence of the infringement by Defendants of Heritage's copyrighted fabric designs and to account for all gains, profits and advantages relative to such infringements to be allowed Heritage by the Court and that such payment to Heritage be increased in view of the willful nature of the

infringement or, at Heritage's option, in the alternative, to permit Heritage, where appropriate, to recover statutory damages for such willful infringements.

D. That Defendants be required to pay Heritage's attorneys' fees and costs in this action.

E. That Heritage have such other and further relief as this Court may deem just and appropriate.

## Jury Demand

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

Philip H. Gottfried
Marc J. Jason
Holly Pekowsky
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, New York  10016
Telephone No.: (212) 336-8000

Attorneys for Plaintiff,
Heritage Lace, Inc.

Dated: OCT. 24, 2018         By: _____
                                  Philip H. Gottfried